Chief Justice Marshall
deliveredtRe opinion of the Court.
This action, by petition and summons, was brought in 1849 by Hardin Smith, as assignee of Abraham Smith, upon a note dated in 1840, for the payment of $200 five years after the date, and assigned by A. Smith, the jpayee, to Hardiri Smith, the plaintiff, in 1846. The defendant demurred to the petition and filed five pleas, to each of which the plaintiff demurred. The demurrer to the petition was overruled, and the demurrer to the first and third pleas sustained: And the other pleas
which were adjudged good having been traversed, the case upon the facts; as well as the law, was submitted tc the Judge, who, after hearing the evidence, rendered a judgment in favor bf the plaintiff for the amount of the note with interest; &c.
No objection having been made in this Court, to the petition, and none being perceived, and no bill of exceptions having beeh taken, the propriety bf overruling the demurrers to the first and third pleas, presents the only matter which need be noticed by the Court.
These pleas aver that the note sued on was executed to Abraham Smith, as trustee for the plaintiff and for Mis use and benefit, in consideration of the rent (or as the third plea states, as the consideration or rent) of a farm leased by the defendant for the term of five years from the date of the note. The first plea further states that the farm' was to be occupied by the defendant as *236 tenant to and under the plaintiff, and that afterwards and before the expiration of said lease, the contract between the plaintiff and defendant was, by agreement between them, rescinded. The third plea states that after the making and before the expiration of the lease, and before said note became due, the plaintiff sold and conveyed his reversionary interest, in and to said farm, to a third person, who is named.
A plea averring that the note sued on was given for rent and that the contract of renting had been rescinded, without any averment that the note was by the contract of rescisión to be surrendered, and that defendant had performed his part of the conlraet of rescisión, held not good.
But looking now to the first plea alone, and assuming that the plaintiff was the absolute legal owner of the farm at the time referred to; that he leased it to the defendant for five years; that this lease was the sole consideration of the note; that it was executed to A. Smith solely for the use of the plaintiff and was subject to his control; and that before the expiration of the five years the contract between the plaintiff and defendant was rescinded; still it does not follow that this note, whether it was then in the hands of A. Smith or of the plaintiff, lost, as a matter of course, its legal obligation, so as to be no longer the proper foundation of an action. This would not be the case unless it were provided by the terms of rescisión, or were its necessary consequence, that the note should be surrendered or cease to be obligatory, or unless in consequence of a rescisión before the defendant had derived any benefit, or the plaintiff sustained any loss, from the contract, the consideration had wholly failed. And even if the terms of recision had provided for the surrender of the note, or stipulated that it should be no longer obligatory, and if the defendant had performed his part of the agreement of reeision, it might be a question whether a parol agreement to that effect would have been available as a defence to an action on the note in the hands of the payee, or his assignee. But it is not necessary to determine that point, because the plea does not present it, and is, in our opinion, fatally defective in failing to show either that by the recision the consideration of the note had wholly failed, or that by the terms, or some specific operation of the recision, the note had ceased to fee obligatory, and that the defendant had actually pep- *237 formed his part of the agreement of recision. The presumption would be that on rescinding the contract, every thing affecting the rights of the parties under thenew condition, was provided for or actually effectuated, and that, consequently, the retention of the note, as an evidence of debt, (there being no receipt or defeasance,) was not inconsistent with the intent of the transaction. And the plea should have stated some fact repelling this presumption, or at least showing^ that under the actual circumstances, the legal and necessary effect of the 2-ecision was to terminate the obligation of the note.
Though the legal title to rent is generally incident to the reversion, it is not universallyso — a grant of rent may he made out of the legal estate, leaving the reversion in the grantee.
The third plea relies upon the common law principle that the legal title to the rent is incident to the revei’sion and passes with it, unless expressly l’eserved in the grant. But this principle, though substantially true as stated, is not literally or universally so. For the rent, though an incident of the 2’eversion, may be separated from it by a grant of the rent alone, in which case a subsequent grant of the reversion does not pass the rent. And if the $200 secured by this note is to be regained as rent, and if the five years lease for which it was to be paid, was carved out of the present legal interest and estate of the plaintiff, leaving the immediate reversion in him, then as the execution of the note for this rent to a third pei’son, certainly vested in him the legal title to the rent, (at least as far as secured by the note,) it seems necessarily to follow that the legal title to the rent and to the reversion, being thus in different pei’sons, and, therefore, actually separated, the foi’mer was no longer an incident to the latter, and did not and could not pass by a subsequent grant of the reversion. Nor is this consequence, in our opinion, affected by the fact that the thii’d pei’son held the legal title to the rent in trust for the use and benefit of the same pei-son who held the reve2-sion in the land. The common law looked to the legal title alone, and when the legal title to the reversion and to the rent were in different persons, one of whom also held the equity in one of the subjects, it no more annexed the legal title of one pei’son to the rent as an incident to the legal title, of another to the *238 revefsibn, because the latter was also equitably entitled to the rent; than it annexed the legal title to the rent as an incident to the equitable title to the reversion in the same person. It did not regard the equity in either case, but the legal title alone; and the legal title tb the two subjects being in different persons, either might transfer his legal title, or interest, without affecting or being affected by that of the other. The plea, therefore) does not present a case to which the principle relied on applies, or rather it presents a cáse to which the principle does not apply;
But the plea fdils in other very important particulars io make a case within the principle. It does not show the nature of the defendant’s reversibnary interest; whether legal or equitable; nof does it show thdi he held and conveyed the immediate reversion after the expiration of the term of five years. It does not even state that the lease was made by or for him, or that it was carved out of his interest And there is no necessary or certain' implication as io any of these facts growing out of the statement that the note was made payable tb A¿ Smith; in trust for his use and benefit; And even if he were the absolute owner of the land; and the lease was made by or for him, it does not appear that any rent was reserved in the lease itself; and no reason being stated for making' the note for the rent payable to another; the presumption arises th'át the separation of the title to fhe rent from the title tó the lan'cí or the reversion, was th'e very object of putting the transaction in the form actually given' to it. Then this gross sum, payable at the end of five years, and secured not by the lease, but by a separate specialty, payable to a third person, seems hardly to come up tb the Common law definition of rent, to which the principle referred to applies. But independently of this last suggestion, it would certainly be very strange if the legal title to this note, or the sum secured by it, should have been divested out of the payer by the transfer of another person’s interest, whether legal or equitable in the land, for the lease of which for a certain' term’ this' *239 npie wasgiveq, Whatever thpn might have been the case, had the legal title to the nqte been in the defendant as payee or assignee, when he Gpnveyed, the reversion, (and even then we should have had great doubts yvhether he would have been, ipso, facto, divested of it,) vye are clearly of opinipn, for the reasons before stated, that the grant of the reversion did not, under the circumstances appearing in this plea, either transfer to the grantee the legal title to the note and the right of action upon it, or in any manner divest the payee or his subsequent assignee of this right and title. Any equitable claim which the grantee of the reversion might have had to the sum secured by the note, or to any part of it, was obviously of no concern to the defendant, or at least was wholly unavailable tp him as a defence, either legal or equitable, to this action, unless such claim had been satisfied by him, pr at least asserted against him, of which there, is no suggestion,
Burnes for appellant; Barnes 4* Noland for appellee.
Wherefore, the judgment is affirmed.
Though generally one who receives bonds and notes for collection as collateral security is bound to use reasonable diligence to collect, and if they are lost by neglect he is chargeable. This rule does not apply to a case where the receipt of a lawyer in another state for notes to collect is transferred as collateral security especially as the person receiving the receipt was in feeble health, and the lawyer bound by his receipt to transmit as collected. It could not be expected that he would go to a distant state to pursue the lawyer.
Turner and Noland for plaintiffs; Caperton for defendants.